UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES A. GRIGSBY,

    Plaintiff,

v.   Case No. 06-11171
    Hon. Sean F. Cox

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on Cross Motions for summary judgment and Plaintiff's Motion for remand. Both parties have fully briefed the issues. For the following reasons, the Court: (1) **DECLINES** to adopt the Report and Recommendation; (2) **DENIES** Plaintiff's Motion for summary judgment and Motion for remand; and (3) **GRANTS** Defendant's Motion for summary judgment.

### I. BACKGROUND

This action arises out of the denial of Social Security Disability benefits to Plaintiff, Charles Grigsby. Plaintiff filed for Social Security Disability benefits on March 10, 2003, alleging an onset date of May 14, 2001. His application was denied on August 5, 2003. Plaintiff appealed the denial and requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before ALJ Barbara Welsch on May 11, 2005. The ALJ denied benefits on July

7, 2005. The Appeals Council declined to review the ALJ's decision and Plaintiff filed an action in this Court on March 20, 2006.

Plaintiff alleges he has several impairments based on his musculoskeletal and cardiovascular disorders. Specifically, Plaintiff alleges he was diagnosed with the musculoskeletal disorders of lumbar spinal stenosis; degeneration of lumbar and lumbosacral intervertebral discs; and disc herniation of L4/5. Additionally, Plaintiff claims he was diagnosed with the cardiovascular conditions of aortoiliac occlusive disease; severe peripheral vascular disease; bilateral lower extremity claudication; and right lower extremity limb threatening rest pain.

Plaintiff filed a Motion for summary judgment and a Motion for remand on September 18, 2006. He alleges the ALJ erred because: (1) the Residual Functional Capacity ("RFC") finding was inconsistent with the medical records and evidence; (2) the ALJ misrepresented Plaintiff's testimony; (3) the ALJ found Plaintiff's testimony not credible despite substantial evidence to the contrary; and (4) the ALJ did not give controlling weight to Plaintiff's primary physician. Plaintiff also seeks remand on the basis of new evidence that a previous surgery was not successful, requiring a subsequent surgery after the ALJ rendered her decision. Defendant responded and moved for summary judgment.

On January 31, 2007, Magistrate Judge Steven Pepe issued a Report and Recommendation ("R&R"), recommending that Plaintiff's Motion for remand be granted; Plaintiff's Motion for summary judgment be granted in part; and that Defendant's Motion for summary judgment be denied. On February 21, 2007, Defendant filed objections to the R&R. Plaintiff filed a Response to Defendant's objections on February 26, 2007.

## II.   STANDARD OF REVIEW

In the Social Security context, the district court reviews the decision of the Commissioner to determine whether the decision exceeds statutory authority or is arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990); *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987).  This Court must review the ALJ's decision to determine whether it is supported by "substantial evidence."  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). In other words, if the Commissioner's determination is supported by substantial evidence, it must stand even if the reviewing court would resolve the issues of fact in dispute differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  The Court must only review the record that was before the ALJ and cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations. *Id.*

## III.   ANALYSIS

There are five factors that the Social Security Administration uses to determine eligibility for benefits.  Plaintiff has the burden on the first four and must establish that: 1) he is not

3

presently engaged in gainful employment; 2) he suffered from a severe impairment; and 3) the impairment met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; or 4) he did not have the "residual functional capacity" ("RFC") to perform past work. *Jones v Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If the Plaintiff satisfies his burden, the burden shifts to the Commissioner to prove the fifth factor; that there is other work available in the economy that the claimant can perform. 20 C.F.R. §§404.1520(b)-(f). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Secretary,* 820 F.2d 777, 779 (6th Cir. 1987). This substantial evidence may be in the form of vocational expert testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments. *Id.*

### A.     ALJ Determination

The ALJ denied Plaintiff benefits at Step Five. The ALJ found that Plaintiff had an RFC for a limited range of light and sedentary work. The ALJ found Plaintiff's limitations are that he cannot do a job involving climbing; work at unprotected heights; or involving prolonged walking. Based on the testimony of a vocational expert, the ALJ found that there were a significant number of jobs in the national economy Plaintiff can perform. The ALJ found Plaintiff's testimony about the extent of his limitations was not credible. [Tr. p.24]. She further found that the opinion of Plaintiff's treating physician, Dr. Michael McNamara, was not entitled to controlling weight because it was "not supported by or consistent with the medical evidence of record or the claimant's activities." [Tr. p.21]. Dr. McNamara opined that Plaintiff is disabled

due to his chronic back pain.

**B.     R&R**

The Magistrate recommends granting Plaintiff's Motion for summary judgment in part, and denying Defendant's Motion for summary judgment. The Magistrate further recommends that the Court remand this matter for consideration of new evidence.

The Magistrate found that the new evidence presented by Plaintiff is sufficient to warrant remand. He found there was a reasonable possibility that the ALJ would have found Dr. McNamara's opinion supported and/or Plaintiff's testimony credible if he had evidence that Plaintiff's previous vascular surgery "had malfunctioned at some point." [R&R, p.18]. The Magistrate also pointed out that the ALJ mischaracterized Plaintiff's testimony regarding his ability to perform daily activities. [R&R, pp.18-19]. The Magistrate did note however, that there was substantial evidence to support the ALJ's decision not to give Dr. McNamara's opinion controlling weight in light of the evidence before her.

**C.     Defendant's Objections**

Defendant disputes whether "reasonable probability" or "reasonable possibility" is the appropriate standard for judging whether new evidence is material. Defendant argues that either way, the new evidence is not material because there is no evidence that it relates back to his condition at the time of the hearing before the ALJ. Additionally, Defendant argues that the ALJ's credibility decision is supported by the record and is entitled to deference.

**D.     Analysis**

**1.     Is Plaintiff Entitled to Remand?**

Plaintiff seeks remand pursuant to sentence six of 42 USC §405(g): "[t]he court

5

may...remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." The statute is clear that before a district court can order a remand pursuant to sentence six, the party seeking remand bears the burden of showing (1) that the evidence at issue is both "new" and "material;" and (2) that there is "good cause" for the failure to incorporate such evidence into the record in a prior proceeding. *Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006). "[E]vidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding." *Id*. at 483-484.

The parties dispute the applicable analysis for whether evidence is material. The Magistrate held that evidence is material if there is a "reasonable *possibility*" of a different outcome. [R&R, p.17, n.6]. Defendant alleges that the standard is "reasonable *probability*." In his Motion for remand, Plaintiff articulated the standard as "reasonable probability." [Motion, p.7]. However, after the Magistrate's R&R, Plaintiff argues that the applicable standard is "reasonable possibility." [Response to Obj. p.3].

In the Sixth Circuit, the standard is "reasonable probability," as asserted by Defendant. The court stated in *Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir. 1988), that "[i]n order for the claimant to satisfy this burden of proof as to materiality, he must demonstrate that there was a **reasonable probability** that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." (emphasis

6

added).  The *Sizemore* Court cited to *Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir. 1980). However, the court in *Carroll* did not address the materiality requirement because it found that while the evidence may have been material, a remand was inappropriate because the evidence was not new as it was in existence at the time of the hearing. *Id*. at n.7.  Since *Sizemore*, at least two other published decisions in the Sixth Circuit have articulated the applicable standard as "reasonable probability."  See *Hollon, supra*, and *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  Nonetheless, the argument of the Magistrate and Plaintiff is not without merit, as several unpublished decisions have stated the standard as "reasonable possibility."  *Robertson v. Shalala*, 91 F.3d 144, *3 (6th Cir. 1996)(unpublished table decision); *Ross v. Secretary of Health and Human Services*, 836 F.2d 550, *1 (6th Cir. 1987)(unpublished table decision); and *Johnson v. Heckler*, 765 F.2d 145, *1 (6th Cir. 1985)(unpublished table decision).

Although the Magistrate contends that "the Sixth Circuit in *Sizemore* misstates the actual law in this and other circuits," *stare decisis* binds this Court to follow the published precedent of the Sixth Circuit. [R&R, p.17, n.6].  The Court must apply the law as set forth by the Sixth Circuit.  See *U.S. v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005).  Consistent with the pronouncement in *Sizemore*, *Foster*, and *Hollon*, *supra*, the Court applies the standard of "reasonable probability."

The evidence Plaintiff offers to support his request for a remand is that after the ALJ hearing, and following reports of back pain, a lumbar spine MRI was ordered that revealed degenerative changes in his lumbar spine.  Plaintiff reported that he only had 50% relief of his symptoms after his previous surgeries and that the pain had gotten worse.  Plaintiff underwent further tests, and additional surgery.  Plaintiff contends that this new medical evidence shows

7

that he continued to suffer from pain and limited functional ability even after his previous surgeries. Although Plaintiff argues that he should have been awarded benefits on the record before the ALJ as it were, he contends that this new evidence bolsters his and Dr. McNamara's credibility.

The ALJ found Dr. McNamara's testimony was not entitled to controlling weight because it was not supported by the record as a whole, and particularly previous medical examinations that indicated only mild to moderate symptoms. [Tr. p.19]. The ALJ also notes that Dr. McNamara's determination that Plaintiff was disabled due to post-laminectomy syndrome and chronic back pain was based on Plaintiff's reports and not on specific medical findings. [Tr. p.19]. The new evidence does not create a reasonable probability that the ALJ would have given Dr. McNamara's determination that Plaintiff was disabled more weight. The new evidence only shows that there was some degenerative change, and according to Plaintiff, he only received about 50% pain relief from the original surgery. This evidence was not before Dr. McNamara. His determination would still have been based primarily on Plaintiff's subjective complaints rather than medical findings. Accordingly, the Court finds that there was substantial evidence to support the ALJ's finding that Dr. McNamara's opinion was not entitled to controlling weight because it was not supported by medical evidence. Further, Plaintiff is not entitled to remand on this issue because the new evidence is not material.

The ALJ found Plaintiff's testimony was not credible because it was "not consistent with the objective medical evidence regarding these impairments, or his functional ability, including his reported daily activities." [Tr. p.20]. Although Plaintiff makes much of the ALJ's recitation of Plaintiff's testimony regarding his daily activities, the only statement not supported by

Plaintiff's testimony is that Plaintiff "works around the house." From the context of Plaintiff's testimony and the ALJ's recitation, "works" should likely have been "walks." Plaintiff testified that during the day he watches television and will "walk around a little bit." [Tr. p.317]. The rest of the ALJ's recitation of Plaintiff's testimony is accurate. She noted the qualifications added by Plaintiff. Additionally, the ALJ did not base her decision solely on Plaintiff's daily activities, but also on the objective medical evidence that she found lacked support for Plaintiff's alleged limitations. The ALJ's decision was supported by substantial evidence.

The new evidence is not material to Plaintiff's credibility because it is not reasonably probable that the ALJ would have found Plaintiff credible if she had the evidence now presented by Plaintiff. The new evidence is still based on Plaintiff's subjective report that the pain only decreased by 50%. The other medical records that the ALJ relied on still exhibit the same lack of "any objective finding of weakness, sensory loss, muscle atrophy or other findings" to support Plaintiff's inability to work. [Tr. p.21]. The new evidence shows degenerative changes, but does not indicate at what point the degeneration increased Plaintiff's pain.[1] In *Sizemore* the court held that "[e]vidence which reflected the applicant's aggravated or deteriorated condition is not relevant because such evidence does not demonstrate the point in time that the disability itself began...[r]eviewing courts have declined to remand disability claims for reevaluation in light of medical evidence of a deteriorated condition." *Sizemore*, 865 F.2d at 712. In fact, *Sizemore* states that the appropriate remedy where a claimant's condition has seriously degenerated, is to

---

[1]The complaints of back pain that led to further tests and the additional surgery did not commence until after the hearing. In Plaintiff's Motion to remand, Dr. Louis Habryl noted that after Plaintiff's aortobifemoral bypass graft surgery he felt a 50% improvement, but "[n]ow, it is getting much worse." [Exhibit C](emphasis added). The report was taken in January 2006.

file a new claim for benefits, which is what Plaintiff did. *Id*. Plaintiff's subsequent application for Social Security benefits filed July 30, 2006, alleging an onset date of July 1, 2006, was approved. This decision is not before the Court for review.

Because substantial evidence supported the ALJ's findings, and Plaintiff is not entitled to remand for consideration of new evidence, the ALJ's decision is affirmed.

## IV.   CONCLUSION

For the foregoing reasons, the Court: (1) **DECLINES** to adopt the Report and Recommendation; (2) **DENIES** Plaintiff's Motion for summary judgment and Motion for remand; and (3) **GRANTS** Defendant's Motion for summary judgment.

**IT IS SO ORDERED.**

> **S/Sean F. Cox**
> **Sean F. Cox**
> **United States District Judge**

**Dated:  March 19, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2007, by electronic and/or ordinary mail.**

> **S/Jennifer Hernandez**
> **Case Manager**